**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

# MOTION INFORMATION STATEMENT

**Docket Number(s):** 21-1082

Caption [use short title]: Kim-Chee LLC v. Phila. Indemnity Ins. Co.

**Motion for:** AMICI CURIAE THE RESTAURANT LAW CENTER, NEW YORK STATE RESTAURANT ASSOCIATION, & NEW YORK CITY HOSPITALITY ALLIANCE TO PARTICIPATE IN ORAL ARGUMENT

Set forth below precise, complete statement of relief sought:

Granting amici leave to participate in oral argument in support of Plaintiffs-Appellants and alloting four minutes of time to amici, or, alternatively, allowing Plaintiffs-Appellants to cede two minutes of their argument time to amici.

**MOVING PARTY:** the Restaurant Law Center, New York State Restaurant Association, and New York City Hospitality

**OPPOSING PARTY:** PHILADELPHIA INDEMNITY INS. CO. and PHILADELPHIA CONSOLIDATED HOLDING CORP., a/k/a PHILAD

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Gabriel K. Gillett

**OPPOSING ATTORNEY:** Stephen Goldman

[name of attorney, with firm, address, phone number and e-mail]

| Moving Attorney | Opposing Attorney |
|---|---|
| Jenner & Block LLP | Robinson + Cole |
| 353 N Clark Street, Chicago, IL 60654 | 280 Trumbull Street Hartford, CT 06103 |
| (312) 840-7220; ggillett@jenner.com | 860.275.8255; SGOLDMAN@RC.com |

Court- Judge/ Agency appealed from: WDNY - Judge Crawford

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☑ Yes ☐ No If yes, enter date: Nov. 19, 2021

**Signature of Moving Attorney:**

/s/ Gabriel K. Gillett **Date:** Oct. 22, 2021 Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

# No. 21-1082

## United States Court of Appeals

FOR THE SECOND CIRCUIT

---

KIM-CHEE LLC and YUP CHAGI INC., d/b/a MASTER GORINO'S PIL-SUNG TAE-KWON-DO,
*Plaintiffs-Appellants*,

v.

PHILADELPHIA INDEMNITY INS. CO. and PHILADELPHIA CONSOLIDATED HOLDING CORP., a/k/a PHILADELPHIA INS. COS,
*Defendants-Appellees*.

---

Appeal from the United States District Court for the Western District of New York
Case No. 1:20-cv-01136 – Judge Geoffrey W. Crawford

---

**MOTION OF *AMICI CURIAE* THE RESTAURANT LAW CENTER, NEW YORK STATE RESTAURANT ASSOCIATION, AND NEW YORK CITY HOSPITALITY ALLIANCE TO PARTICIPATE IN ORAL ARGUMENT**

---

Pursuant to Rule 27 and Rule 29(a)(8) of the Federal Rules of Appellate Procedure, *Amici Curiae* the Restaurant Law Center, New York State Restaurant Association, and New York City Hospitality Alliance ("*Amici*") move for leave to participate in oral argument in support of Plaintiffs-Appellants Kim-Chee LLC and Yup Chagi Inc. *Amici* respectfully request four minutes of argument time during the hearing scheduled for November 19, 2021. Alternatively, if this Court does not give

*Amici* its own time at argument, *Amici* respectfully request that the Court allow Plaintiffs-Appellants to cede two minutes of their argument time to *Amici*.

In support of their motion, *Amici* state as follows:

1. *Amicus* Restaurant Law Center is a public policy organization affiliated with the National Restaurant Association, the world's largest foodservice trade association. The industry is comprised of over one million establishments that represent a broad and diverse group of owners and operators—from large national outfits, to small family-run neighborhood locations, and everything in between. The industry employs over 15 million people and is the nation's second-largest private-sector employer. Through regular participation in *amicus* briefs, including cases like this one involving business interruption issues, the Restaurant Law Center provides courts with the industry's perspective on legal issues in cases that may have industry-wide implications.

2. *Amicus* New York State Restaurant Association is the leading business association for the restaurant and hospitality industry in New York State. It advocates for businesses and employees in the industry, which serves as the cornerstone of the state economy and offers opportunities for career advancement and community involvement.

3. *Amicus* the New York City Hospitality Alliance is a not for profit association representing and serving New York City's restaurant and nightlife

industry. The Alliance is committed to advancing an agenda focused on opportunity, economic investment and job creation, and on advocating on behalf of its members at all levels of government.

4. On June 30, 2021, *Amici* filed their brief in support of Plaintiffs-Appellants and reversal of the district court's opinion and order granting Defendants-Appellees' motion to dismiss.

5. *Amici* may participate in oral argument "with the court's permission." Fed. R. App. P. 29(a)(8); *see also Kuhne v. Cohen & Slamowitz, LLP*, 579 F.3d 189 (2d Cir. 2009) (granting *amicus curiae* motion to participate in oral argument).

6. The Seventh and Fifth Circuits have recently granted permission for the Restaurant Law Center to participate in oral argument in appeals involving business interruption insurance claims that are similar to those at issue here. Order, *TJBC, Inc. v. Cincinnati Ins. Co.*, No. 21-1203 (7th Cir. Sept. 1, 2021), ECF No. 60; Order, *Zajas, Inc. v. Badger Mut. Ins. Co.*, No. 21-1660 (7th Cir. Oct. 8, 2021), ECF No. 36; Order, *Terry Black's Barbecue L.L.C. v. State Auto. Mut. Ins. Co.*, No. 21-50078 (5th Cir. Oct. 11, 2021). Other federal courts of appeals have also granted permission for *amici curiae* to participate in oral argument in appeals involving business interruption insurance claims. *See* Order, *Santo's Italian Café LLC v. Acuity Ins. Co.*, No. 21-3068 (6th Cir. Sept. 7, 2021), ECF No. 50-2.

7. This Court also should grant this request by *Amici*, for three reasons.

8. First, *Amici* can provide this Court with practical, industrywide perspectives on the issues in this appeal that differ from the perspectives offered by the parties. For example, because *Amici* represent the restaurant and hospitality industry as a whole, they offer information and experience that goes beyond what the parties can provide. *Amici* also will provide the Court with additional detail about how the allegations and arguments being advanced here relate to those being advanced elsewhere, including how restaurant and hospitality companies have adequately alleged that the property they insured—fully operational restaurants, for which premiums were calculated based on resulting revenue streams—suffered physical "loss or damage" under industry-standard all-risk commercial insurance policies based on executive shutdown orders or the presence of COVID-19.

9. Second, *Amici* have filed briefs in other cases involving business interruption claims arising under New York law,[1] and the Restaurant Law Center has filed briefs in courts across the country involving such claims.[2] Building on these

---

[1] *See Rye Ridge Corp. v. The Cincinnati Ins. Co.*, No. 21-1323 (2d Cir. 2021); *10012 Holdings, Inc. v. Sentinel Ins. Co.*, No. 21-80 (2d Cir. 2021); *Visconti Bus Serv., LLC v. Utica Nat'l Ins. Grp.*, No. 2021-01716 (N.Y. App. Div. 2d Dep't 2021).

[2] *See, e.g.*, *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's of London*, No. 20-14812 (11th Cir. 2021) (Florida law); *Henry's Louisiana Grill, Inc. v. Allied Ins. Co. of Am.*, No. 20-14156 (11th Cir. 2021) (Georgia law); *TJBC, Inc. v. Cincinnati Ins. Co.*, No. 21-1203 (7th Cir. 2021) (Illinois law); *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, No. 21-50078 (5th Cir. 2021) (Texas law); *Mudpie, Inc.*

briefs addressing similar issues in various contexts, *Amici* can provide this Court with additional perspective about how New York law applies in cases like this one.

10. Third, if this Court does not grant *Amici* its own argument time, Plaintiffs-Appellants have agreed to cede two minutes of their time to *Amici.*

11. Counsel for Plaintiffs-Appellants has represented that it consents to this motion. Counsel for Defendants-Appellees has represented that it opposes this motion and intends to file a response.

October 22, 2021

Respectfully submitted,

*/s/ Gabriel K. Gillett*


John H. Mathias Jr.
David M. Kroeger
Gabriel K. Gillett
*Counsel of Record*
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 840-7220
ggillett@jenner.com

Jeremy M. Creelan
Michael W. Ross
Jenner & Block LLP
919 Third Avenue
New York, NY 10022
(212) 891-1678
jcreelan@jenner.com

Angelo I. Amador
RESTAURANT LAW CENTER
2055 L Street, NW, 7th Floor
Washington, DC 20036
(202) 492-5037
aamador@restaurant.org

*Counsel for Amici Curiae*


---

*v. Travelers Casualty Insurance Company of America*, No. 20-16858 (9th Cir. 2021) (California law); *American Food Sys., Inc. v. Firemans Fund Ins. Co.*, No. 21-1307 (1st Cir. 2021) (Massachusetts law); *Santo's Italian Cafe LLC v. Acuity Ins. Co.*, No. 21-3068 (6th Cir. 2021); *Oral Surgeons P.C. v. Cincinnati Ins. Co.*, No. 20-3211 (8th Cir. 2020) (Iowa law).

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A), I certify that this motion complies with the length limitation because this motion contains 932 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

Dated: October 22, 2021

/s/*Gabriel K. Gillett*
Gabriel K. Gillett

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/*Gabriel K. Gillett*
Gabriel K. Gillett